JAMES W. McCONKIE, #2156
BRADLEY H. PARKER, #2519
W. ALEXANDER EVANS, #12085
**PARKER & McCONKIE**
5664 South Green Street
Salt Lake City, UT 84123
Telephone: (801) 264-1950
Facsimile: (801) 266-1388
Email: jwmcconkie@utahlawhelp.com
        bparker@utahlawhelp.com
        alex@sjatty.com

*Attorneys for Plaintiffs*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN CLARK on behalf of the ESTATE OF TROY BURKINSHAW and on behalf of the HEIRS OF TROY BURKINSHAW,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY, BOX ELDER COUNTY SHERIFF'S DEPARTMENT, J. LYNN YEATES and AUSTIN BOWCUTT,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number: 1:13-cv-00079-DBP<br><br>Judge: Justin B. Pead |

Plaintiffs, by and through their counsel, James W. McConkie, Bradley H. Parker and W. Alexander Evans of Parker & McConkie, hereby bring this Complaint against Defendants and allege as follows:

## SUMMARY

On the evening of October 26, 2012, Box Elder County Sheriff's Deputy, Austin Bowcutt, stopped Troy Clark Burkinshaw (age 52) on westbound SR-13, after he allegedly observed Troy urinating on the side of the highway. Before the traffic stop was complete, Troy drove away and headed toward his home. Deputy Bowcutt called for backup and initiated a pursuit.

Troy traveled mostly at low speeds through an agricultural/residential area, at one point repeatedly circling the same block. Troy eventually turned down a dead end road. Deputy Bowcutt attempted to block the exit with his police truck while Troy attempted to edge his car around the police truck.

Without waiting for backup to arrive, Deputy Bowcutt exited his truck with his weapon drawn, placed himself in front of Troy's car, and shouted for Troy to stop. Deputy Bowcutt then fired three shots directly into the car, two of which struck Troy in the chest, killing him.

Less than 7 minutes expired between the time Troy left the traffic stop to the time Deputy Bowcutt fired the fatal shots.

## PARTIES

1.      Plaintiff Carolyn Clark ("Mrs. Clark") is a resident of Corinne, Box Elder County, Utah.

2.      Mrs. Clark is the mother of Decedent, Troy Clark Burkinshaw ("Mr. Burkinshaw") and has been duly appointed legal representative of the Estate of Mr. Burkinshaw, who was also a resident of Corinne, Box Elder County, Utah.

3.      At all times relevant hereto, Defendant Austin Bowcutt ("Bowcutt") was a resident of Box Elder County, Utah and an employee of the Box Elder County Sheriff's Department and was acting in the course and scope of his employment as a deputy of the Box Elder County Sheriff's Department.

4.      At all times relevant hereto, Defendant J. Lynn Yeates ("Yeates") was a resident of Box Elder County, Utah and an employee of the Box Elder County Sheriff's Department and was acting as Sheriff of the Box Elder County Sheriff's Department.

5.      At all times relevant hereto, Defendant Box Elder County Sheriff's Department was a political subdivision of the State of Utah, as defined by U.C.A. § 63G-7-102(7), with its principal place of business in Box Elder County, State of Utah.

6.      At all times relevant hereto, Defendant Box Elder County ("the County") was a political subdivision of the State of Utah, as defined by U.C.A. § 63G-7-102(7), which employed Defendants Bowcutt and Yeates through the Box Elder County Sheriff's Department.

### JURISDICTION, VENUE & STATUTORY PREREQUISITES

7.      Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 6 above as if fully set forth below.

8.      This action arises, in part, under 42 U.S.C. § 1983 and accordingly, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331. For all remaining claims which do not present a federal question under 28 U.S.C. § 1331, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

9.      All parties reside within the District of the State of Utah and therefore, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

10.     Plaintiffs have complied with the notice requirements set forth in the Utah Governmental Immunity Act, Utah Code § 63G-7-401.

## FACTUAL ALLEGATIONS

11.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 10, above, as if fully set forth below.

12.     At approximately 7:00 p.m. on the evening of October 26, 2012, Defendant Bowcutt was on duty and working, driving his assigned and marked patrol truck in the course and scope of his employment as a Box Elder Sheriff's Department Deputy.

13.     At the same time, Troy Clark Burkinshaw (age 52) was heading home, driving westbound on SR-13 in his dark blue Volkswagen Jetta with his girlfriend's dog by his side.

14.     As Defendant Bowcutt was traveling eastbound on SR-13, he observed what he believed to be Mr. Burkinshaw urinating on the side of the road off the westbound lane, just east of the city of Corinne, Utah.

15.     By the time Defendant Bowcutt had turned his truck around and crossed onto westbound SR-13, Troy had gotten back in his car and driven off.

16.     Defendant Bowcutt pulled up behind Troy's dark blue Jetta, turned on the truck's overhead lights, and initiated a traffic stop.

17.     Troy pulled over as required.

18.     Defendant Bowcutt claimed that he smelled alcohol and observed a brown paper bag in the back of the Jetta while he was speaking to Troy.

19.     Defendant Bowcutt then returned to his truck leaving Troy in the Jetta.

20.     While Defendant Bowcutt was in his truck, Troy started up the Jetta and drove away at a low rate of speed.

21.     Defendant Bowcutt initiated a pursuit and called for backup.

22.     During the pursuit, Defendant Bowcutt and the dispatcher identified Troy by his full name using the information Troy had provided during the traffic stop.

23.     The pursuit continued for approximately 5 minutes, mostly at low speeds, but occasionally reaching speeds of 40 mph.

24.     Defendant Bowcutt encountered no pedestrians and only 1 other vehicle during the pursuit, a car that was entering SR-13 as they were exiting.

25.     Defendant Bowcutt followed Troy through agricultural and residential areas and ended up following him around the same block several times.

26.     Troy eventually turned down a dead end road where Defendant Bowcutt attempted to block the exit with his police truck.

27.     Approximately 4 seconds later, Defendant Bowcutt jumped out of his truck with his gun drawn and shouted at Troy to stop and get out of the car.

28.     Troy attempted to drive around the truck, but was driving so slowly that Defendant Bowcutt walked up to the Jetta, voluntarily stepped directly in front of it, and continued to shout at Troy with his gun drawn and pointed at Troy through the windshield.

29. Defendant Bowcutt continued shouting and walked backwards as the car moved forward at an extremely low rate of speed for approximately 7 seconds.



20. Defendant Bowcutt then fired three shots from his gun, point blank into the car's windshield.

31. Two of the bullets struck Mr. Burkinshaw in the chest, killing him.

32. At no point during these events did Troy drive in an aggressive manner or do anything that posed a risk of death or serious physical injury to Defendant Bowcutt or the general public.

33. At no time prior to the shooting did Defendant Bowcutt attempt to:

    A. de-escalate the situation;

    B. disable the car by shooting or slashing the tires;

    C. disable the car by engaging in the PIT maneuver; or

    D. disengage from the pursuit and pick up Troy later at his home.

34. Defendant Bowcutt did not wait for the requested backup before engaging directly with Troy.

35. After the shooting, the Jetta rolled off the road and into a bush.

36. Defendant Bowcutt returned to his vehicle, with lights and siren running, and repositioned it behind the Jetta.

37. Approximately 1 minute after the shooting, Defendant Bowcutt walked calmly from his truck to the Jetta, broke open the driver's side window, and opened the driver's side door, at which point the dog jumped out and sat near the car.

38. For the next 2 minutes or so, Defendant Bowcutt kept reaching into the Jetta and repeatedly shouted "Stay with me!" after which Defendant Bowcutt simply stood by and waited for back up.

39. At no time did Defendant Bowcutt provide any first aid assistance to Troy.

40. Approximately 6 minutes after the shooting, additional offices arrived, removed Troy from the car, placed him on the ground, and began first aid.

41. Shortly thereafter, Troy was pronounced dead at the scene.

42. At approximately 2:00 a.m., representatives from Box Elder County and the Box Elder County Sheriff's Department woke Carolyn Clark to inform her of her son's death.

**FIRST CAUSE OF ACTION**
(Negligence of Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates)

43. Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 42 above as if fully set forth below.

44. Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates had a duty to hire and retain competent individuals, adequately train and supervise

7

its employees, and implement policies and procedures that conform to applicable standards of care.

45.     Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates breached their duty when they failed to implement adequate policies and procedures and when they hired and retained Officer Bowcutt without adequately training him with regard to the safe and proper policies governing the initiation, continuation, and termination of automobile pursuits and the use of deadly force.

46.     Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates breached their duty when they failed to properly supervise Officer Bowcutt; when they failed to terminate Officer Bowcutt's pursuit of Troy Burkinshaw; and when they failed to prevent Officer Bowcutt's use of deadly force.

47.     Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates otherwise failed to comply with applicable standards of care.

48.     As a proximate result of the negligence of Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates, Troy Burkinshaw was injured and killed, suffering general and special damages.

## SECOND CAUSE OF ACTION
(Respondeat Superior)

49.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 48, above, as if fully set forth below.

50.     Defendants Box Elder County and Box Elder County Sheriff's Department are responsible for the negligence of their employee, Defendant Austin Bowcutt, while Officer Bowcutt was acting within the course and scope of his employment.

51.     Defendants Box Elder County and Box Elder County Sheriff's Department are responsible for the negligence of their employee, Defendant Lynn Yeates, while Sheriff Yeates was acting within the course and scope of his employment.

52.     Defendants Box Elder County, Box Elder County Sheriff's Department and Sheriff Yeates ratified or approved the conduct of their employee Defendant Austin Bowcutt.

53.     Defendants Box Elder County and Box Elder County Sheriff's Department ratified or approved the conduct of their employee Defendant Lynn Yeates.

### THIRD CAUSE OF ACTION
(Negligence of Defendant Austin Bowcutt)

54.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 53 above as if fully set forth below.

55.     Defendant Austin Bowcutt had a duty to exercise reasonable care and to act as a reasonably prudent police officer would have acted in like circumstances, including a duty to observe the laws, regulations, policies and procedures that govern automobile pursuits and the use of deadly force.

56.     Defendant Bowcutt breached his duty when he failed to observe the laws, regulations, policies, and procedures that govern automobile pursuits and when he failed to observe the laws, regulations, policies, and procedures that govern the use of deadly force.

57. Defendant Bowcutt breached his duty when he failed to exercise act as a reasonably prudent police office in like circumstances and when he failed to exercise reasonable care.

58. Defendant Bowcutt breached his duty by otherwise failing to comply with applicable standards of care.

59. As a proximate result of the negligence of Defendant Bowcutt, Troy Burkinshaw was injured and killed, suffering general and special damages.

## FOURTH CAUSE OF ACTION
(Willful Misconduct)

60. Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 59 above as if fully set forth below.

61. Defendant Austin Bowcutt had a duty to observe the laws, regulations, policies, and procedures that govern automobile pursuits and the use of deadly force before electing to initiate and continue a high-speed pursuit of Troy Burkinshaw and before electing to use deadly force against Troy Burkinshaw.

62. Defendant Bowcutt acted intentionally, without just cause or excuse, and was aware that his conduct would probably result in injury to Troy Burkinshaw when he disregarded the laws, regulations, policies, and procedures that govern automobile pursuits and the use of deadly force.

63. As a proximate result of the willful misconduct of Defendant Bowcutt, Troy Burkinshaw was injured and killed, suffering general and special damages.

64. Defendant Lynn Yeates had a duty to hire and retain competent individuals, to adequately train and supervise the employees of Box Elder County Sheriff's Department and to implement policies and procedures that conform to applicable standards of care.

65. Defendant Yeates acted intentionally, without just cause or excuse, and was aware that his conduct would probably result in injury to Troy Burkinshaw when he failed to hire and retain competent individuals, when he failed to adequately train and supervise the employees of Box Elder County Sheriff's Department and when he failed to implement policies and procedures that conformed to applicable standards of care.

### FIFTH CAUSE OF ACTION
(Wrongful Death)

66. Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 65 above as if fully set forth below.

67. Pursuant to Utah Code § 78B-3-106, each of Troy Burkinshaw's heirs have a cause of action against Defendants and are entitled to recover damages associated with Troy Burkinshaw's death and for, among other things, the loss of Troy's society, comfort, association, love, counsel, care, protection and for their reasonable expectations of association with Troy for the rest of his natural life.

### SIXTH CAUSE OF ACTION
(Survival)

68. Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 67 above as if fully set forth below.

69.     Pursuant to Utah Code § 78B-3-107, Plaintiff Troy Burkinshaw's cause of action did not abate upon his death and his estate is entitled to recover special damages and general damages for the mental and physical pain, discomfort, and suffering that Defendants' actions inflicted upon Troy, including but not limited to damages related to the duration, severity, and extent to which Defendants' actions prevented Troy from pursuing the ordinary affairs of life.

### SEVENTH CAUSE OF ACTION
(Utah Const. art. I, § 9 – Unnecessary Rigor)

70.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 69 above as if fully set forth below.

71.     Defendant Austin Bowcutt's actions constituted unnecessary rigor towards the arrested Troy Burkinshaw because Defendant Bowcutt's action presented a substantial risk of serious injury for which there was no reasonable justification at the time.

72.     Defendant Bowcutt's actions deprived Troy Burkinshaw of his rights as secured by Art. I, § 9 of the Utah Constitution, which provides that arrested persons shall not be treated with unnecessary rigor.

73.     As a proximate result of Defendant Bowcutt's unnecessary rigor, Troy Burkinshaw was injured and killed, suffering general and special damages.

74.     Damages are appropriate for this violation of the Utah Constitution because Troy Burkinshaw suffered a flagrant violation of constitutional rights, existing remedies do not redress Plaintiffs' injuries, and equitable relief will not redress Plaintiffs' injuries.

### EIGHTH CAUSE OF ACTION
(Utah Const. art. I, § 14 – Unreasonable Seizure)

75.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 74 above as if fully set forth below.

76.     At all times relevant hereto, Defendant Austin Bowcutt was acting or purporting to act in the performance of his law enforcement duties as an employee of Box Elder County and Box Elder County Sheriff's Department.

77.     Defendant Bowcutt used force in arresting, detaining, and/or apprehending Troy Burkinshaw.

78.     The force used by Defendant Bowcutt was excessive, unnecessary, and objectively unreasonable under the circumstances.

79.     Defendant Bowcutt's excessive, unnecessary, and objectively unreasonable use of force caused Troy Burkinshaw to be deprived of his right to be free from unreasonable seizures as guaranteed by Art. I, § 14 of the Utah Constitution.

80.     As a proximate result of Defendant Bowcutt's use of unreasonable force, Troy Burkinshaw was injured and killed, suffering general and special damages.

81.     Damages are appropriate for this violation of the Utah Constitution because Troy Burkinshaw suffered a flagrant violation of constitutional rights, existing remedies do not redress Plaintiffs' injuries, and equitable relief will not redress Plaintiffs' injuries.

### NINTH CAUSE OF ACTION
(U.S. Const. amend. IV / 42 U.S.C. § 1983 – Unreasonable Seizure)

82.     Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 81 above as if fully set forth below.

83. At all times relevant hereto, Defendant Austin Bowcutt was acting or purporting to act in the performance of his official duties and acted under color of state law in performing the above-described duties.

84. Defendant Bowcutt used force in arresting, detaining, and/or apprehending Troy Burkinshaw.

85. The force used by Defendant Bowcutt was excessive, unnecessary, and objectively unreasonable under the circumstances.

86. Defendant Bowcutt's excessive, unnecessary, and objectively unreasonable use of force deprived Mr. Burkinshaw of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

87. As a proximate result of Defendant Bowcutt's use of unreasonable force, Troy Burkinshaw was injured and killed, suffering general and special damages.

**TENTH CAUSE OF ACTION**
(U.S Const. amend. XIV, § 1 / 42 U.S.C. §1983 – Substantive Due Process)

88. Plaintiffs, by and through reference, hereby incorporate paragraphs nos. 1 through 87 above as if fully set forth below.

89. At all times relevant hereto, Defendant Austin Bowcutt was acting or purporting to act in the performance of his official duties and acted under color of state law in performing the above-described duties.

90. Defendant Bowcutt used force in arresting, detaining, and/or apprehending Mr. Burkinshaw.

91.     The nature and extent of force used by Defendant Bowcutt was arbitrary, excessive, and shocks the conscience.

92.     Defendant Bowcutt's excessive use of force caused Mr. Burkinshaw to be deprived of his rights as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

93.     As a proximate result of Defendant Bowcutt's use of excessive force, Troy Burkinshaw was injured and killed, suffering general and special damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief:

a.      For their First Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

b.      For their Second Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   c. For their Third Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   d. For their Fourth Cause of Action, judgment against Defendant Austin Bowcutt in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   e. For their Fifth Cause of Action, judgment against Defendants for the wrongful death of Troy Burkinshaw as set forth in Utah Code § 78B-3-106; for general, special and punitive damages; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   f. For their Sixth Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from

the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   g.  For their Seventh Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   h.  For their Eighth Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

   i.  For their Ninth Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for attorneys' fees as set forth in 42 U.S.C. § 1988; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action

consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

j.     For their Tenth Cause of Action, judgment against Defendants in an amount exceeding the minimum jurisdictional amount for general, special and punitive damages, personal injuries, medical expenses, and pain and suffering, among other things; for attorneys' fees as set forth in 42 U.S.C. § 1988; for interest from the date of the incident on all special damages; for permission to amend their Complaint and to add parties and causes of action consistent with evidence adduced through discovery; for the costs of their suit; and for such further relief as the Court may deem proper.

## JURY DEMAND

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all of the issues that are so triable.

DATED this **23** day of May, 2013.

Respectfully submitted,
PARKER & McCONKIE

_____
James W. McConkie
*Attorney for Plaintiffs*

Plaintiffs' Address:
c/o Parker & McConkie
5664 Green Street
Murray, Utah 84123